IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MIKE SETTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01237-JDT-jay |
| | ) | |
| MIKE PARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER TRANSFERRING § 2241 PETITION TO
THE SIXTH CIRCUIT COURT OF APPEALS AS
A SECOND OR SUCCESSIVE PETITION

Petitioner Mike Settle has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 2.)[1] For the following reasons, the Petition will be transferred to the Sixth Circuit Court of Appeals as a second or successive petition.

## BACKGROUND

The history of Petitioner's state and federal convictions has been summarized by the Sixth Circuit in an order denying one of Settle's applications for permission to file a second or successive 28 U.S.C. § 2254 petition:

> In 2001, with the benefit of a plea agreement, Settle pleaded guilty in Madison County Circuit Court to especially aggravated kidnapping, felony escape, aggravate robbery, and two counts of aggravated assault. He was sentenced to serve a total of twenty-five years of imprisonment. His sentence was ordered to run concurrently with a previously-imposed federal sentence and a state sentence imposed in a separate Madison County case, and consecutively to state sentences imposed in several prior Shelby County cases. Settle did not appeal. The previously-imposed federal sentence ordered Settle to serve 262 months of imprisonment consecutively to any previously-imposed state or federal sentences.

---

[1] Unless otherwise noted, record citations are to document filed in the instant case.

(*In re Mike Settle*, No. 16-6698, ECF No. 7-2 at 1-2 (6th Cir.) (citations omitted).)

Settle first sought federal habeas relief in 2006 when he filed a § 2254 petition in the United States District Court for the Middle District of Tennessee. (*Settle v. Waller*, No. 3:06-cv-0398, ECF No. 1 (M.D. Tenn.).) That case was transferred to this district, where the convicting court is located. (*Settle v. Waller*, No. 06-cv-01092-JDT-egb, ECF No. 7 (W.D. Tenn.).) Petitioner thereafter filed an amended petition asserting, among other things, that his guilty plea was involuntary due to trial counsel's alleged failure to investigate whether the plea agreement's provision specifying that the state sentence be served in federal custody was enforceable. (*Id.*, ECF No. 10 at 7-8.) In an order issued on September 4, 2009, the undersigned dismissed the amended petition as time-barred. (*Id.*, ECF No. 52 at 16.) The Sixth Circuit denied a certificate of appealability (*id.*, ECF No. 58) and the Supreme Court denied certiorari (*id.*, ECF No. 60).

In 2009, Settle filed a § 2241 habeas corpus petition in the United States District Court for the Middle District of Tennessee alleging that he had been denied sentence reduction credits. (*Settle v. Bell*, No. 3:09-cv-0560, ECF No. 1 at 3-4 (M.D. Tenn.)). The court in that case denied the petition as untimely (*id.*, ECF No. 26), and the Sixth Circuit denied a certificate of appealability (id., ECF No. 39).

In 2011, Petitioner filed a document styled "Petition for Extradition" in the United States District Court for the Eastern District of Tennessee. (*Settle v. Osborne*, No. 3:11-cv-00127-TWP-HBG, ECF No. 2 (E.D. Tenn.).) The pleading alleged that Petitioner was entitled to 515 days of time-served credit. (*Id.*, ECF No. 2 at 1-3.) The district court construed the document as a habeas corpus petition under 28 U.S.C. § 2254 (*id.*, ECF No. 3), and denied relief on the grounds that the petition was time-barred and constituted a second or successive petition (*id.*,

ECF No. 13 at 3).  The Sixth Circuit Court of Appeals denied a certificate of appealability.  (*Id.*, ECF No. 18.)

## DISCUSSION

By his Petition, Settle once again challenges his detention resulting from the 2001 state convictions.  (ECF No. 2 at 1-2.)  In Claim 1, he asserts that his guilty plea "was not entered into knowingly and voluntarily" because counsel "fail[ed] . . . to investigate and determine whether the terms of the plea agreement could be satisfied before recommending that plea to the petitioner[.]" (*Id.* at 4-5.)  He maintains in Claim 2 that the State refused to apply "five-hundred fifteen days (515) [of] pretrial credits," which "denied [him] due process." (*Id.* at 8, 9.)

A prisoner ordinarily may file only one 28 U.S.C. § 2254 petition challenging his state convictions and faces severe restrictions on filing second or successive petitions.  *See* 28 U.S.C. § 2244(b).  A "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005).  Before a district court may consider a second or successive habeas petition, the petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to review the claims.  28 U.S.C. § 2244(b)(3)(A).  A state prisoner cannot avoid the rules governing second or successive § 2254 petitions by filing a habeas petition under § 2241.  *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).

As discussed, Settle filed a § 2254 habeas petition in 2006 in he which asserted, in part, that his guilty plea relating to the 2001 convictions was involuntary.  The petition was dismissed as untimely.  He also raised the issue of the State's refusal to apply 515 days of jail credits to his

3

sentence in two other previous petitions, both of which were dismissed as time-barred. The Petition, here, is therefore a second or successive petition.

Because Petitioner has not yet obtained authorization from the appellate court to bring his claims, the Petition is TRANSFERRED to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (holding that districts courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit). IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE